OPINION OF THE COURT
Kenneth L. Gartner, J.
Upon the defendant’s conviction of violating Vehicle and Traffic Law § 1192 (1), a sentence of conditional discharge was *860 imposed, which remains revocable for a year from the date of conviction. At that same time, a certificate of relief from disabilities was issued, which by its terms is a temporary certificate, revocable for the same period of time, following which it will, unless first revoked, become permanent.
Correction Law § 702 (4) provides, in relevant part:
“Where the court has imposed a revocable sentence and the certificate of relief from disabilities is issued prior to the expiration or termination of the time which the court may revoke such sentence, the certificate shall be deemed to be a temporary certificate until such time as the court’s authority to revoke the sentence has expired or is terminated. While temporary, such certificate (a) may be revoked by the court for violation of the conditions of the sentence . . . Any such revocation shall be upon notice and after an opportunity to be heard.”
Correction Law § 700 (1) (c) defines “revocable sentence” to include “a sentence of probation or of conditional discharge.” This court has received a letter from Allied Automotive Group, the defendant’s employer, accusing the defendant of (and purporting to document) “repeated, brazen disregard with respect to his obligations under the law [including reporting requirements imposed by the Federal Motor Carrier Safety Regulations],” and stating that:
“The pattern of Mr. Mason’s actions since his conviction suggest that you may wish to either revisit the question of whether he is entitled to a conditional license, [or] determine if he has violated any provisions regarding his Certificate of Relief from Disabilities that enables him to continue to operate a commercial vehicle with a conditional license . . . .”
It is the New York State Department of Motor Vehicles (DMV) which determines eligibility for and issues or declines to issue conditional licenses. All a certificate of relief from disabilities does is eliminate any categoric statutory bar to such issuance. Any questions regarding the conditional license itself must therefore be addressed to the DMV rather than this court.
In view of the information and allegations presented, however, a hearing is scheduled to determine whether the temporary certificate of relief from disabilities issued by this court at sentence will be revoked.
*861 As no procedure beyond the brief reference set forth above is statutorily established for the hearing to be held in determining whether to revoke a certificate for the relief of disabilities, this court will utilize the procedures, set forth in' Criminal Procedure Law §§ 410.30, 410.40 (1) and § 410.70, for revoking conditional discharges. The instant order will be considered for these purposes the equivalent of a declaration of delinquency. The defendant will be furnished at the hearing with a copy of the letter and attachments from Allied Automotive Group, which this court is causing to be filed with the clerk of the court, given the opportunity to make a statement, and afforded the opportunity for a reasonable adjournment to prepare for the hearing, which will be summary in nature.
It is noted that pursuant to Correction Law § 702 (3), where a certificate of relief from disabilities is issued at a time subsequent to sentence,
“[t]he court may, for the purpose of determining whether such certificate shall be issued, request its probation service to conduct an investigation of the applicant . . . Any probation officer requested to make an investigation pursuant to this section shall prepare and submit to the court a written report in accordance with such request.”
In view of the postsentence consideration to be given at the scheduled hearing to the issue of whether the certificate of relief shall be revoked, or, alternatively, allowed to become permanent, the Nassau County Probation Department is requested to make such an investigation and report.